IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEITH ALLAN HUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL GOVERNMENT,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:12-cv-593-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court notes that Keith Allan Hussell ("Plaintiff") has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[2] The court also recognizes that Plaintiff is proceeding pro se in this case.  Consequently, the court will construe his pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

At the outset, the court will provide an explanation of the applicable standards for reviewing a complaint under the IFP statute.  Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a

---

[1] *See* docket no. 7.

[2] *See* docket nos. 1, 2.

claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, this court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro

> se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

On August 2, 2012, this court issued a memorandum decision and order denying Plaintiff's motion for service of process and addressing the sufficiency of Plaintiff's complaint under the authority of the IFP statute.[3] In addressing the sufficiency of Plaintiff's complaint, the court concluded that, even under a liberal reading of Plaintiff's complaint, Plaintiff had failed to provide any well-pleaded factual allegations to support his alleged claim for relief. The court noted that the preprinted civil rights complaint Plaintiff filed failed to identify any basis for this court's jurisdiction, was devoid of any factual allegations, and was almost entirely blank. The court also noted that Plaintiff had simply asserted that the nature of the case is to receive a dental deposit of eight hundred dollars. Finally, the court noted that while Plaintiff had submitted an exhibit to his complaint, that exhibit did nothing to elucidate Plaintiff's alleged claim, and Plaintiff had not attempted to explain the exhibit's relevance or connection to his alleged claim.

For those reasons, the court concluded that Plaintiff's complaint failed to state a claim on which relief can be granted. At the same time, however, the court recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to

---

[3] *See* docket no. 8.

amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  Accordingly, the court provided Plaintiff with an opportunity to amend his complaint.  The court directed Plaintiff to file an amended complaint that complied with the requirements set forth in the above-referenced authorities on or before August 31, 2012.  Plaintiff was warned that his failure to do so would result in a recommendation to Judge Benson that this case be dismissed.

Plaintiff has failed to file an amended complaint by that deadline.  In fact, there has been no activity in this case since the court issued the above-referenced memorandum decision and order.  Accordingly, and based on the reasoning set forth above, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint in this case be **DISMISSED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 24th day of October, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge